FILED BY ___ D.C.
05 NOV 14 AM 9:21
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**WILLIE J. JACKSON,**

**Plaintiff,**

**v.**

**NO. 04-2470 M/An**

**FEDERAL EXPRESS CORPORATION, and FEDEX CORPORATE SERVICES, INC.,**

**Defendants.**

---

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

---

Before the Court is Plaintiff's Motion for an Order Compelling Discovery filed on July 25, 2005. For the reasons set forth below, the Motion is **GRANTED.**

## BACKGROUND

### Personnel Files

On February 4, 2005, Plaintiff served Defendant Federal Express Corporation ("Fed Ex Corp.") with his First Requests for Production of Documents. Fed Ex Corp. responded to these requests on March 8, 2005 and objected to many of the requests. When Plaintiff's counsel inquired as to the reason for Fed Ex Corp.'s many objections, he was told that these discovery requests needed to be propounded to Defendant FedEx Corporate Services ("Fed Ex Services"). On March 17, 2005, Plaintiff served Fed Ex Services with his First Request for Production of Documents. In that request, Plaintiff asked for the personnel files of all employees in Plaintiff's work group (Request for Production No. 2). Fed Ex Services objected to the request, stating that



This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-15-05

53

it was not relevant to the pending action nor was it reasonably calculated to lead to the discovery of relevant evidence. Fed Ex Services also objected on grounds of privacy but agreed to produce the disciplinary and performance records for the employees who were in Plaintiff's work group as of September 2001.

Plaintiff was not satisfied with this response and, upon further discussion with Fed Ex Services, agreed to sign a Consent Protective Order so that these files would be made available. On April 26, 2005, Plaintiff's counsel signed said consent order and faxed it to Fed Ex Services' counsel, authorizing them to execute the document and file it with the Court. Fed Ex Services then mailed to Plaintiff each employees' evaluation for the year preceding Plaintiff's termination, the Employee Assessment Contribution Worksheet, and the Employee Contribution Assessments.

Upon review of the information, Plaintiff discovered that one Charles Sherwood had conducted the assessment for all of the employees in Plaintiff's work group. Mr. Sherwood's deposition was pending and so Plaintiff decided that the additional information he sought could also be elicited from Mr. Sherwood. During the deposition, however, it became apparent that Mr. Sherwood did not have much information concerning the backgrounds of the individual employees and so counsel for Plaintiff discussed with Fed Ex Services' counsel the need for more information regarding the individual employees, namely the employee files.

Plaintiff then sought to depose the individual employees. Fed Ex Services felt that it was not obligated to produce the employees for their depositions and so Plaintiff had to subpoena them in order to obtain the discovery information that it originally sought in Request No. 2. As a result of the above, Plaintiff sent a letter to Fed Ex Services on June 15, 2005 stating that the

letter served as notice that, unless Fed Ex Services produced the information requested in Request No. 2 by June 22, 2005, Plaintiff would file a Motion to Compel these documents.

**Affirmative Action Plan**

Plaintiff also filed a Request for Production No. 10, requesting copies of both Defendants written Affirmative Action Plans implemented by them from 1995 to the present. Both Defendants objected to the request as overly broad, unduly burdensome, and irrelevant. On or about June 22, 2005, Fed Ex Services supplemented its discovery responses and produced its employee manuals for both corporations. Plaintiff noted that the manual of Fed Ex Corp. indicated that an Affirmative Action Plan was available to all of its employees. Later, on June 28, 2005, Plaintiff deposed William Cahill who had been identified by both Defendants as the corporate representative with the most knowledge concerning EEO requirements.

During the Deposition, Mr. Cahill testified regarding the Affirmative Action Plans and stated that they were reasonably available. At the close of the deposition, Plaintiff's counsel again requested copies of the Affirmative Action Plans and Defendants' counsel stated that he would have to discuss this request with Defendants' lead counsel. Defendants later refused to produce the Plans.

**Deposition**

As Plaintiff deposed the corporate representative of both Defendants, he learned that another employee, Bart Dahmer, had been responsible for drafting the Employee Contribution Assessment matrix and also led the training of the managerial employees on how to appropriately assess individual employees. Plaintiff, however, only learned of Mr. Dahmer's existence and possible relevant information the day before the discovery deadline. As such, Defendants

objected to any subpoena that Plaintiff wished to send out to take Mr. Dahmer's deposition and thus Plaintiff has been unable to depose Mr. Dahmer.

**ANALYSIS**

A court can enter an order compelling discovery when a party fails to respond to discovery requests. *See* Fed. R. Civ. P. 37(a)(2). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Fed. R. Civ. P. 26(b)(1), means "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). One district court has noted that "the party resisting discovery bears the burden of demonstrating that the requested discovery . . . does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) . . . ." *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656-57 (D. Kan. 1999) (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)).

The discovery that Plaintiff has requested may shed light on whether Plaintiff's termination was for the legitimate non-discriminatory reason that he lacked the "skill set" needed for the goals and direction the Defendants were moving towards, as advanced by the Defendants, or whether it was due to racial discrimination as alleged by the Plaintiff. The personnel files likely contain employee evaluations, job descriptions, resumes, and other information concerning

each employees' expertise, knowledge, training, particular assignments, and satisfactory job performance. This information goes to the heart of Plaintiff's claim that, despite his training and job performance, he was terminated from his employment while others that were not as qualified kept theirs.

In addition to the personnel files, Plaintiff also seeks copies of Defendants' Affirmative Action Plans. The request for the Affirmative Action Plans will not be overly broad and unduly burdensome, as evidenced by the deposition of Mr. Cahill who testified that the plans were readily available. Like the personnel files, they are relevant to the present action as they may show the racial composition of the Defendants' work force and whether Plaintiff's work group had a propensity for failing to include African American employees.

The Court notes that Plaintiff did not file this Motion to Compel until after the discovery deadline had passed. The trial date, however, has been rescheduled by the Court and will not take place until March 27, 2006, and thus the Defendants will not be prejudiced by allowing Plaintiff this additional discovery. As such, for good cause shown and because Plaintiff is entitled to receive broad discovery in this Circuit, Plaintiff's Motion is **GRANTED**. The personnel files should be provided to the Plaintiff but shall be subject to a Protective Order. In addition, if the Defendants deem any information in documents contained in any of the files to be particularly sensitive or subject to abuse, they can submit those to the Court for *in camera* review along with an explanation as to why they claim a file is particularly sensitive or subject to abuse. The Affirmative Action Plan of both Defendants shall also be provided to the Plaintiff.

Finally, even though the Plaintiff has already taken ten (10) depositions and has not filed a Motion to increase the number of depositions that can be taken, counsel for the Plaintiff states

that he only learned about an individual by the name of Bart Dahmer who might have discoverable information shortly before discovery closed. Since trial has been continued until March, the Defendants will not be prejudiced and Plaintiff will be allowed to depose Mr. Dahmer within the next sixty (60) days at a date and time convenient for counsel and the deponent.

**IT IS SO ORDERED.**

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 10, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 53 in case 2:04-CV-02470 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Jay L. Grytdahl
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Bldg. B, 3rd fl, Comat 7103
Memphis, TN 38125--880

Bradley W. Eskins
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT