```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

WILLIE J. JACKSON,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )
                                  )          No. 04-2470 Ma/A
FEDERAL EXPRESS CORPORATION and   )
FEDEX CORPORATE SERVICES, INC.,   )
                                  )
    Defendants.                   )
                                  )
_____

**ORDER AFFIRMING MAGISTRATE JUDGE'S NOVEMBER 14, 2005, ORDER**
_____

On July 25, 2005, Plaintiff Willie J. Jackson ("Jackson") filed a Motion for Order Compelling Discovery.  Defendants Federal Express Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") filed a response on September 15, 2005. The matter was referred to the magistrate judge, and on November 14, 2005, the magistrate judge issued an Order Granting Plaintiff's Motion to Compel. Before the court are FedEx's objections to that order, filed on November 22, 2005. Jackson filed a response on December 2, 2005.  For the following reason, the Order Granting Plaintiff's Motion to Compel is AFFIRMED.

This court may reject the magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R.

1

Civ. P. 72(a). See <u>Massey v. City of Ferndale</u>, 7 F.3d 506, 509 (6th Cir. 1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." <u>Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles</u>, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing <u>Heights Community Congress v. Hilltop Realty, Inc.</u>, 774 F.2d 135, 140 (6th Cir. 1985)).

    FedEx argues that the magistrate's decision was clearly erroneous because Jackson's motion to compel was filed after the discovery deadline on July 1, 2005. Under Local Rule 26.1, all motions in connection with disputed discovery should be filed no later than the deadlines in the Scheduling Order. Furthermore, as to the deposition of Bert Dahmer, FedEx asserts that the magistrate judge's decision was clearly erroneous because Jackson has already taken ten depositions and has not petitioned the court for leave to take an additional deposition under Fed. R. Civ. P. 30(a)(2)(A). "It is well-established that the scope of discovery is within the sound discretion of the trial court." <u>Lavado v. Keohane</u>, 992 F.2d 601, 604 (6th Cir. 1993). Given the broad discretion granted to trial courts in discovery matters and

the high standard required for a district court to overturn the decision of a magistrate judge on a non-dispositive matter, the court finds that the magistrate's decision granting Jackson's motion to compel was not clearly erroneous.

For the foregoing reasons, the magistrate judge's order granting Jackson's motion to compel is AFFIRMED.

So ordered this 8th day of March 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE